# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-545V
**Filed: June 20, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| BRENDA WIECKHORST and MICHAEL, * | |
| WIECKHORST, on behalf of M.P.W., a * | Special Master Hamilton-Fieldman |
| minor child, * | |
| * | |
| Petitioner, * | |
| * | Joint Stipulation on Damages; |
| v. * | Influenza ("Flu") Vaccine; |
| * | Chronic Inflammatory |
| SECRETARY OF HEALTH * | Demyelinating Polyneuropathy |
| AND HUMAN SERVICES, * | ("CIDP"). |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * | |

<u>Danielle A. Strait</u>, Maglio, Christopher, & Toale, P.A., Washington, D.C., for Petitioners.
<u>Ryan D. Pyles</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On June 25, 2014, Brenda and Michael Wieckhorst ("Petitioners") filed a petition on behalf of their minor child, M.P.W., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that the administration of the Influenza ("Flu") vaccine, on

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

October 4, 2011, caused M.P.W. to develop chronic inflammatory demyelinating polyneuropathy ("CIDP").

On June 20, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the Flu vaccine is the cause of M.P.W.'s alleged CIDP or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(a) A lump sum of **$270,000.00**, in the form of a check payable to [P]etitioners, on behalf of M.P.W.;  and

(b) A lump sum payment of **$30,000.00** for past unreimbursable [sic] expenses in the form of a check payable to [P]etitioners. This amount and the amount described in paragraph . . . (a) above together represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation for Award at 2, ECF No. 48.

The undersigned approves the requested amount for Petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

BRENDA and MICHAEL WIECKHORST,
on behalf of M.P.W., a minor child,

                   Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                   Respondent

No. 14-545V
Special Master Lisa Hamilton-Fieldman
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, M.P.W., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to M.P.W.'s receipt of a trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. M.P.W. received the flu vaccine on or about October 4, 2011.

3. The vaccine was administered within the United States.

4. Petitioners allege that the flu vaccine caused M.P.W. to develop chronic inflammatory demyelinating polyneuropathy ("CIDP") and that he experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of M.P.W. as a result of his alleged condition.

1

6. Respondent denies that the flu immunization is the cause of M.P.W.'s CIDP and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

(a) A lump sum of **$270,000.00** in the form of a check payable to petitioners, on behalf of M.P.W.; and

(b) A lump sum payment of **$30,000.00** for past unreimbursable expenses in the form of a check payable to petitioners. This amount and the amount described in paragraph 8(a) above together represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the representatives of M.P.W.'s estate under the laws of the State of Nebraska. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of M.P.W.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of M.P.W. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.P.W. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of M.P.W. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of M.P.W., on behalf of themselves, M.P.W., and M.P.W.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements,

3

judgments, claims, damages, loss of services, expenses and all demands of whatever kind or

nature) that have been brought, could have been brought, or could be timely brought in the Court

of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. §

300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown,

suspected or unsuspected personal injuries to or death of M.P.W. resulting from, or alleged to

have resulted from, the flu vaccine administered on or about October 4, 2011, as alleged by

petitioners in a petition for vaccine compensation filed on or about June 25, 2014, in the United

States Court of Federal Claims as petition No. 14-545V.

    15.  If M.P.W. should die prior to entry of the judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

    16.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

    17.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused M.P.W.'s CIDP and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of M.P.W.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

BRENDA WIECKHORST

MICHAEL WIECKHORST

**ATTORNEY OF RECORD FOR PETITIONERS:**

DANIELLE A. STRAIT
MAGLIO CHRISTOPHER & TOALE, PA
1775 Pennsylvania Ave. NW, Ste. 225
Washington, DC 20006
(888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: June 20, 2016